UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANITRA ELAINE CRAWFORD, | Case No. 16-11461 |
|       Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| BEAUMONT HOSPITAL, et al., | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
|       Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41(B) DISMISSAL AND
<u>MOTIONS TO DISMISS [Dkts. 14, 17, 21, 26]</u>**

**I.     PROCEDURAL HISTORY**

On April 22, 2016, Plaintiff Anitra Crawford filed this action alleging violations of her civil rights under the First and Fourteenth Amendments, and various federal and Michigan statutes. (Dkt. 1, Pg ID 2). This matter was referred to the undersigned for all pretrial proceedings, including a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 8).

On May 23, 2016, defendant Oakland Family Services filed a motion to dismiss. (Dkt. 14). On May 23, 2016, the undersigned ordered plaintiff to file a response by June 20, 2016, warning that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the**

1

moving party." (Dkt. 15) (emphasis in original). On May 24, 2016, defendant Beaumont Hospital (Wayne) filed a motion to dismiss. (Dkt. 17). On May 24, 2016, the undersigned ordered plaintiff to file a response by June 20, 2016, warning that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 19) (emphasis in original). On June 10, 2016, the Attorney General for the State of Michigan filed a motion to dismiss. (Dkt. 21). On June 15, 2016, plaintiff filed a motion for an extension of time to file responses to the pending motions to dismiss. (Dkt. 23). On June 20, 2016, the undersigned granted via Text-Only Order, plaintiff's motion to extend time to file responses to Dkt. 14 and Dkt. 17. The court extended plaintiff's time until respond to August 5, 2016, and defendants had until August 19, 2016 to file a reply. (*See* Docket, Text-Only Order, dated June 20, 2016). The court also entered an order requiring plaintiff to respond to Dkt. 21 by August 5, 2016 warning that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 24) (emphasis in original).

On July 8, 2016, the United States Attorney filed a motion to dismiss. (Dkt. 26). On July 11, 2016, the undersigned ordered plaintiff to file a response by August 10, 2016, warning that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving**

**party**." (Dkt. 27) (emphasis in original).

On August 4, 2016, plaintiff requested another extension of her response deadlines, as well as requesting service on four individually named defendants, and a subpoena for electronically stored information from defendant Stonecrest Center. (Dkt. 28). Regarding plaintiff's request to extend her response deadlines, the court extended the deadlines to respond to the pending motions until September 14, 2016. (Dkt. 33). The court, however, admonished plaintiff: "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving parties or a recommendation for dismissal under Federal Rule of Civil Procedure 41(b).**" (*Id.*) (emphasis in original).

On September 21, 2016, the undersigned entered a Text-Only Order suspending response and reply deadlines regarding all motions to dismiss (Dkts. 14, 17, 21, 26). On December 9, 2016, the undersigned entered an order indicating that it had reviewed plaintiff's complaint and noted that the docket did not reflect that all parties had been placed on the docket, namely some of the individuals named in the complaint. (Dkt. 35). The court, therefore, modified the docket to accurately reflect the allegations in plaintiff's complaint. *Id.* The court directed plaintiff to complete a U.S. Marshal Form 285 for each defendant who still needed to be served. *Id.* With respect to the pending motions to dismiss, the

court ordered that plaintiff's responses to Dkt. Nos. 14, 17, 21 and 26 were due by December 30, 2016. *Id.* Still not having received responses, on January 11, 2017 this Court issued an order to show cause. (Dkt. 38). Plaintiff was ordered to show cause by January 18, 2017, why this matter should not be dismissed and again was warned, in bold print, that failure to timely or adequately respond in writing to the order to show cause or timely file a response to the motion *will* result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b). (*Id.*) On January 17, 2017, plaintiff filed an objection to the order to show cause which is currently pending before District Judge Mark Goldsmith. (Dkt. 43). On January 24, 2017, defendant Oakland Family Services filed a response to plaintiff's objection. (Dkt. 45).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions to dismiss (Dkts. 14, 17, 21, 26) be **TERMINATED** as **MOOT**.

II.   ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to

dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which

merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). With respect to the

first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Consequently, the undersigned concludes that plaintiff's repeated failures to respond to the motions to dismiss amounts to abandonment for the purpose of this analysis. *Brown v. VHS of Mich., Inc*., 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment.). The undersigned notes that while plaintiff has answered some of the court's orders to respond, plaintiff has utterly failed to provide any type of substantive response to the motions to dismiss. Instead, plaintiff requested two extensions (which the court granted), and the court further suspended the docket in this matter to accurately reflect the allegations in plaintiff's complaint. Following this suspension, plaintiff again failed to meet the response deadline of December 30, 2016. The court notes that this extended deadline was over six months after the original June 20, 2016 dispositive motion deadline. Notwithstanding, plaintiff has objected to the court's show cause order indicating that service issues need to be completed before she can adequately respond. However, plaintiff has not identified, nor does the court see how

plaintiff's responses to the pending motions to dismiss are dependant on service on these other defendants. Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the number of warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. (*See* Dkt. 15, 19, 24, 27, 33, 38). This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal more than once, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g., Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, as in *Croton*, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if she failed to file a response to the motion and to the order to show cause. (Dkt. 8, 10). *See also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given plaintiff's failure to file a response as ordered and failure to adequately respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

The undersigned concludes that, for the reasons discussed above, plaintiff

has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to respond to the motions to dismiss. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate. Given the foregoing conclusions, the undersigned also recommends that the pending motions to dismiss (Dkt. 14, 17, 21, 26) be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions (Dkt. 14, 17, 21, 26) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 26, 2017                     s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 26, 2017 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Anitra Elaine Crawford, P.O. Box 885, Wayne, MI 48184 and 3716 Newberry Street, Suite 885, Wayne, MI 48184.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov