UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITRA ELAINE CRAWFORD

        Plaintiff,                                    Case No. 16-cv-11461
                                                                              Hon. Mark A. Goldsmith
vs.

BEAUMONT HOSPITAL, et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 43) TO THE MAGISTRATE JUDGE'S JANUARY 11, 2017 ORDER TO SHOW CAUSE; (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S JANUARY 26, 2017 REPORT AND RECOMMENDATION (Dkt. 46); (3) OVERRULING PLAINTIFF'S OBJECTIONS TO THE JANUARY 26, 2017 REPORT & RECOMMENDATION (Dkt. 52); (4) DENYING PLAINTIFF'S MOTION FOR EXTRAORDINARY RELIEF (Dkt. 55); (5) TERMINATING ALL OTHER PENDING MOTIONS (Dkts. 14, 17, 21, 26, 61) AS MOOT; AND (6) DISMISSING THE ACTION WITH PREJUDICE**

On April 22, 2016, Plaintiff Anitra Crawford filed this action alleging violations of her civil rights under the First and Fourteenth Amendments to the U.S. Constitution, and various federal and Michigan statutes. See generally Compl. (Dkt. 1). The case was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings (Dkt. 8). Thereafter, Defendants filed motions to dismiss (Dkts. 14, 17, 21, 26, 61). On January 26, 2017, the magistrate judge issued a report and recommendation ("R&R"), which recommends dismissing Crawford's complaint with prejudice under Federal Rule of Civil Procedure 41(b) and terminating the pending motions as moot. See R&R at 9 (Dkt. 46). Neither the merits of the complaint nor those of the motions to dismiss were at issue in the R&R. See generally id. Crawford timely filed an objection to the R&R (Dkt. 52). No defendant filed a response to Crawford's objection.

# I.  BACKGROUND

### A.  Procedural History

Crawford's complaint named seven entities as defendants.  See Compl. at 3.  Additionally, the complaint named three natural persons who were employees of Defendant Beaumont Hospital and two who were employees of Defendant Department of Human Services ("DHS") in Wayne County, as well as several John Does.  Id.  When Crawford submitted her request for service by U.S. Marshal, however, she did not identify any of the individual defendants.  See generally Request for Service by Marshal (Dkt. 3); see also 4/28/2016 Order (granting request for service by marshal) (Dkt. 6).  The U.S. Marshal Service acknowledged receipt of these documents (Dkt. 9), and a certificate of service issued on May 3, 2016 (Dkt. 11).

By some error, Defendant Oakland Family Services ("OFS") received the summons that was directed to Defendant DHS; this formed one basis for OFS's motion to dismiss.  See DHS Summons, Ex. A to OFS Mot. to Dismiss (Dkt. 14-2); see generally OFS Mot. to Dismiss (raising personal jurisdiction, subject-matter jurisdiction, and Rule 12(b)(6) arguments).  To date, OFS has not been served with a summons bearing its name, and DHS was not served until recently.  Beaumont Hospital also filed a motion to dismiss, which noted that the summons it received did not identify its employees by name, and that, as a result, those employees are not properly before the Court.  See Beaumont Mot. to Dismiss at 1 n.2.

The R&R recommends dismissal of Crawford's case because of her inability to comply with deadlines set by court orders.  See id. at 1-4.  After OFS and Beaumont filed their motions to dismiss, the magistrate judge ordered Crawford to submit response briefs by June 20, 2016 (Dkts. 15, 19).  On June 15, 2016, Crawford requested an extension of the June 20, 2016 deadline (Dkt. 23), which the magistrate judge granted, extending the deadlines to August 5, 2016; and on August

4, 2016, Crawford requested an extension of the August 5 deadlines (Dkt. 28), which the magistrate granted. At that point, Crawford's responses to four motions to dismiss were due by September 14, 2016, and Crawford had not yet violated any court order.

On September 9, 2016, prior to the September 14 deadline, Crawford filed an untitled document, noting that an unspecified defendant had not yet been served. See 9/9/2016 Filing at 1-2 (Dkt. 34).[1] This filing apparently led the magistrate judge to scrutinize the complaint, notice that some of the defendants named in Crawford's complaint were never added as parties, and suspend all pending briefing deadlines. See 9/21/2016 Text-Only Order. On December 9, 2016, the magistrate judge noted that she had corrected the docket; outlined how Crawford could proceed with serving the defendants who still needed to be served; and revived the briefing schedule, ordering Crawford to submit her responses to four motions to dismiss by December 30, 2016 (Dkt. 35).[2]

Crawford did not file a response to the motions by December 30, and she did not request an extension. Accordingly, on January 11, 2017, the magistrate judge ordered Crawford to show cause why her case should be not be dismissed. See Show Cause Order (Dkt. 38). Crawford's response to the show cause order, or, alternatively, her responses to the motions, was due by

---

[1] The September 9, 2016 filing also noted that Crawford had not yet been issued a subpoena that she requested in her August 4, 2016 motion, and claims that the lack of the subpoena "hinders" her ability to respond to the motions to dismiss. See 9/9/2016 Filing at 1 (cm/ecf page); see also 8/4/2016 Mot. for Extension at 2 ("In addition, I request the court to issue a Subpoena upon Mr. Shannon Robbins, the CEO of StoneCrest Center, to provide electronically stored information and all documents (if applicable) for the dates 3/18/16-3/20/16."). In an order dated January 13, 2017, the magistrate judge explained that Crawford was not permitted to seek discovery via the requested subpoena. See 1/13/2017 Order at 2 (Dkt. 41).

[2] Notably, this period reflected the standard 21-day window within which most litigants are expected to respond to a dispositive motion. See E.D. Mich. LR 7.1(e)(1)(B).

January 18, 2017, and the order warned her that a failure to respond could result in dismissal of her case. Id. at 1-2.

On January 17, 2017, Crawford objected to the show cause order. See Pl. Show Cause Obj. (Dkt. 43); see also Fed. R. Civ. P. 72(a). There, Crawford claimed that she decided not to file her responses with the Court because of her belief that there were outstanding "issues of [j]urisdiction/[v]enue." See id. at 2. She also appeared to claim, incorrectly, that the missing parties still had not been added to the docket as defendants. Id. ("Another issue also noted is, properly addressing specified individual(s) as a Defendant(s)/Party.").

### B. The Report & Recommendation

The R&R invokes the authority of a district court to dismiss a plaintiff's action with prejudice because of her failure to prosecute. See R&R at 4-5 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-632 (1962); Fed. R. Civ. P. 41(b)). It notes that the Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

R&R at 6 (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)). First stating that "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault," the R&R cites Crawford's "repeated failures to respond to the motions to dismiss" and concludes that these failures "amount[ ] to abandonment for purposes of this analysis." Id. at 7 (citing White v. Bouchard, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault; nonetheless, . . . defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not

4

to mention the investment of time and resources expended to defend this case"). In support of its conclusion that Crawford abandoned the case, the R&R notes that (i) Crawford violated the order setting a December 30, 2016 deadline for responses; (ii) the final deadline was over six months after the original June 20, 2016 deadline; (iii) Crawford's response to the show cause order does not identify, "nor does the court see," how Crawford's responses to the pending motions to dismiss are dependent on service on the other defendants; and (iv) to date, no responses to the motions have been filed. See id. at 7-8. These facts, concludes the R&R, suffice to meet the first and second prongs (i.e., bad faith and prejudice to the opposing party). Id. at 8.

Listing six docket entries, the R&R cites "the number of warnings given to [Crawford]" in support of its conclusion that the third factor is met. See R&R at 8.

Finally, the R&R determines that the fourth factor (whether less drastic sanctions were imposed or considered) is met. The R&R, relying on Crawford's "failure to file a response as ordered and failure to adequately respond to the order to show cause," concludes that there is "no utility in considering or imposing lesser sanctions." Id.

### C. Plaintiff's Objections

Crawford's timely objection makes two numbered points, but it appears to contain four distinct arguments. First, she contests the magistrate's claim that her objection to the show cause order is before the undersigned, citing the fact that the magistrate judge had been handling all other aspects of her case. See Pl. Obj. at 1 (Dkt. 52). Second, she objects that the magistrate judge considered all deadlines and warnings to be relevant, when in fact most deadlines were mooted by extensions. Id. at 1-2. Third, Crawford claims that "it would be a waste of time" to submit her responses to the motions when there "still is the issue of [Service of Process] not addressed correctly[,] resulting in jurisdictional issues"; submitting any responses to the motions while these

5

"jurisdictional issues" remain unresolved would cause her to "receive objections from [Defendants] again and immediately [result in] an automatic dismissal of this case." Id. at 2. Fourth, Crawford objects to the magistrate's reference to a six-month delay between the original and final deadlines for responses, when, in fact, a sizeable part of that delay was attributable to the magistrate judge. Id. at 3; see also 9/21/2016 Text-Only Order (suspending briefing schedule); 12/9/2016 Order (resuming briefing schedule).

On February 2, 2017, Crawford also filed a "motion for extraordinary relief," alleging that several documents related to summonses and service of process were fabricated, and that the Court itself is corrupt. See Pl. Mot. for Relief (Dkt. 55). The motion, which invokes Federal Rule of Civil Procedure 60(b)(1) (relief from judgment based upon mistake), see id. at 2, cites no basis for this factual claim.[3]

## II. ANALYSIS

Especially in light of her recent accusations that this Court is committing fraud and colluding against her, Crawford can show no credible intent to proceed with her case in good faith, and the recommendation contained in the R&R is accepted. Documents filed by pro se litigants are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Pro se litigants, however, are not exempt from the basic requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

---

[3] Parties bringing motions under Rule 60 face an exacting burden to show grounds for relief by "clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). Crawford offers only her own speculation that the service-of-process issues were caused by fraud or other bad faith. She did submit a Form USM-285 as an "exhibit," under separate cover, in support of her fraud claims (Dkt. 57), but she does not explain its relevance, and the Court cannot discern its relevance, either. Accordingly, this motion is denied.

First, the Court overrules Crawford's objection concerning whether the undersigned, versus the magistrate judge, should resolve her objection to the show cause order, see Pl. Obj. at 1. The show cause order advised that any objections to it would be considered under Federal Rule of Civil Procedure 72. See Show Cause Order at 2. That Rule provides that objections to a non-dispositive order must be resolved by the district judge. See Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The magistrate judge, therefore, did not err when she stated that Crawford's objection is before the undersigned.

Turning, then, to the January 17, 2017 objection itself, the Court has reviewed it and determined that it should be overruled. As noted in the R&R, the objection did not explain how the pending issues with service prevented her from responding to the motions.[4] Furthermore, the issues with service only affected OFS's motion and, perhaps, Beaumont's motion. If Crawford's beliefs regarding service, and its effects on her responses, were held in good faith, she should have had no problem with at least responding to the motions filed by the United States Attorney and the Michigan Attorney General's Office (Dkts. 21, 26).

Returning to the objections to the R&R, Crawford took issue with the R&R's catalog of the extensions granted to her, as well as the warnings that accompanied the extensions. See Pl.

---

[4] To the extent that the service-of-process issues would have hindered the strength of Crawford's responses, that is a separate issue, and one to which Crawford contributed. Again, there were two issues with service: OFS receiving the wrong summons, which formed one basis for its motion to dismiss; and summonses not having issued for the individual defendants who were not added to the docket until September 2016. Crawford was put on notice as to the service defect vis-à-vis OFS when it filed its motion to dismiss on May 23, 2016. She had ample time to correct this matter before her response brief's December 30, 2016 due date — which correction could have mooted OFS's argument regarding service. The magistrate judge corrected the docket and, in an order dated December 9, 2016, instructed Crawford how to initiate the process for service. But the U.S. Marshals Service did not receive that paperwork from Crawford until January 27, 2017 (Dkt. 51).

Obj. at 1-2. First, the repeated extensions — although they saved Crawford from actually violating any court orders at that time — are relevant to the egregiousness of her ultimate failure to timely file a response. See, e.g., Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) ("[Plaintiff's] action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which [plaintiff] failed to utilize."); Kane v. Rochlin, 909 F.2d 1483, 1990 WL 110869, at *2 (6th Cir. Aug. 3, 1990) (Table) (bankruptcy court's dismissal of case "was not a case of a judge acting in a fit of pique but, rather, the dismissal came after several months and repeated extensions to give the plaintiff ample opportunity to comply [with interrogatories]"); Marigny v. Dep't of Veterans Affairs, No. 14-cv-013010, 2016 WL 3829215, at *2 (W.D. Tenn. July 13, 2016) ("Having already granted Plaintiff repeated extensions to provide her initial disclosures, it appears that dismissal is the only appropriate remedy at this juncture."); cf. In re Polemar Constr. Ltd. P'ship, 19 F. App'x 267, 267-268 (6th Cir. 2001) ("The court notes that appellant's counsel was given four extensions of time in which to prepare the joint appendix from a very simple district court record. This makes the quality of the joint appendix even less defensible.").

Moreover, a review of the R&R reveals that the magistrate judge did not recommend dismissal because she believed that any but the last adjourned deadline had been violated; rather, she admitted that she granted the first two requests for extensions. See R&R at 7. The primary significance of the list of orders granting the extensions, as well as their contents, was to highlight that Crawford was made aware that, in general, the consequence for failing to respond to a motion may result in sanctions, including granting the relief requested by the defendant's motion (i.e.,

dismissal). See R&R at 1-3 (emphasizing, using bold text, the warnings contained in the orders). This objection is overruled.

Crawford also claims that "it would be a waste of time" to submit her responses to the motions when there "still is the issue of [Service of Process] not addressed correctly[,] resulting in jurisdictional issues"; submitting any responses to the motions while these "jurisdictional issues" remain unresolved would cause her to "receive objections from them [i.e., Defendants] again and immediately [result in] an automatic dismissal of this case." See Pl. Obj. at 2. As noted in the discussion of Crawford's objection to the show cause order, supra, Crawford's premise is meritless. The only defense "objections" to which Crawford can be referring are the jurisdictional defenses raised by OFS, as well as Beaumont on behalf of certain individual defendants. Such defenses are not available to the remaining movants. Even if she was correct about the effect of the service-related issues on some of her motions, that does not explain Crawford's failure to file any responses to the four motions addressed by the magistrate judge's order. And, in any case, the black letter of the magistrate judge's order required Crawford to file the responses. Additionally, Crawford — who, at this point, had a successful track record of seeking extensions to her response deadline — did not seek an extension of the December 30, 2016 deadline.[5] Finally, Crawford's claim that filing the responses would result in "automatic dismissal of [her] case," Pl. Obj. at 2, is simply false. This objection, therefore, is overruled.

Finally, Crawford objects to the magistrate's reference to a six-month delay between the original and final deadlines for responses, see R&R at 7 ("[t]he court notes that this extended

---

[5] Crawford did file a motion on December 28, 2016, seeking leave to be excused from CM/ECF privileges and for an extension "to forward documents to Attorneys/Defendants on record." See 12/28/2016 Pl. Mot. (Dkt. 36). This motion does not mention the motions to dismiss; responses thereto; the December 30, 2016 deadline; or anything else that could be considered a reference to her filing obligations. Id.

deadline was over six months after the original June 20, 2016 dispositive motion deadline"), attributing a large part of the delay to the magistrate judge herself, see Pl. Obj. at 3.  The magistrate did not accuse Crawford of causing this delay, however; she cites the six-month period only in the context of Crawford's failure to ever file a response, which is usually expected within 21 days of being served a dispositive motion.  See R&R at 7; E.D. Mich. LR 7.1(e)(1)(B).

Having dispensed with Crawford's specific objections to the R&R, the Court now turns to the R&R's ultimate recommendation:  that Crawford's case should be dismissed, with prejudice, for failure to prosecute.  Federal Rule of Civil Procedure 41 governs dismissals.  Concerning involuntary dismissals, it provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although the Rule only contemplates dismissal on a defendant's motion, it is well-settled that a district court may dismiss an action sua sponte under Rule 41(b).  See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

Again, when contemplating dismissal of an action under Rule 41(b), a court must consider the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Stough v. Mayville Cmty. Schs., 138 F.3d 612, 614 (6th Cir. 1998).

10

First, Crawford's failure to cooperate is due to willfulness, bad faith, or fault. She was given multiple extensions on her response deadlines, but she failed to take advantage of this extra time by filing responses. This is especially relevant as to the motions of the United States Attorney and the Michigan Attorney General, which motions do not rely upon defects in service. See generally Mich. A.G. Mot. to Dismiss (Eleventh Amendment immunity defense); U.S. Att'y Mot. to Dismiss (sovereign immunity defense; Fed. R. Civ. P. 12(b)(6) defense). At no point does Crawford explain how the defects in service affected her ability to respond to these motions or, for that matter, any of the four motions to dismiss.[6]

At bottom, the simple fact is that Crawford was ordered to submit a response by December 30, 2016, and she violated that order, citing only her beliefs about how a response filed in compliance with that deadline would affect her chances of success. And the show-cause deadline of January 18, 2017 also functioned, in the alternative, as yet another chance to file responses and have them considered timely. See Show Cause Order at 2. Crawford did not take that opportunity, either.

Finally, Crawford's recent allegations of fraud brought against this Court, which are unsubstantiated, evidence bad faith. "It is one thing to say that the Court's analysis was wrong. It is quite another to say that the Court intentionally assisted in the commission of fraud." Lawson v. Bank of Am., N.A., No. 12-CV-14326, 2015 WL 1886236, at *7 (E.D. Mich. Apr. 24, 2015), appeal dismissed (June 23, 2016). Accusing the Court of fraud and corruption, without a basis for that accusation, is a "reckless and deliberate waste of the [C]ourt's time, and diverts resources from the great majority of litigants who actually have presented arguments and claims which are

---

[6] Additionally, as noted above, Crawford appears to have contributed to the delay in service of the individual defendants by not promptly submitting certain paperwork to the U.S. Marshals Service. This might not rise to the level of bad faith, but it does constitute some fault.

not frivolous or malicious." McGee v. United States, No. 1:08-CV-88, 2010 WL 1462518, at *2 (W.D. Mich. Apr. 12, 2010). Although Crawford's charges arose after the R&R issued, they cement this Court's conclusion that Crawford lacks respect for this Court and its orders, instead believing her own subjective and/or unsubstantiated beliefs to be paramount.

Crawford's tactics also caused prejudice to Defendants. In addition to the lengthy motions that Defendants have filed on the assumption that Crawford would prosecute her case, Crawford's meritless objection to the show cause order engendered a response from OFS, see OFS Resp. to Pl. Show Cause Obj. (Dkt. 45); and it has been held that abandoning claims, which can occur when a litigant does not respond to a motion, see Brown v. VHS of Michigan, Inc., 545 F. App'x 368, 372 (6th Cir. 2013), causes prejudice to the opposing party in the context of a Rule 41(b) dismissal, see White, 2008 WL 2216281, at *5.

The third factor in the Rule 41(b) dismissal inquiry is whether the plaintiff was warned that her conduct could result in dismissal. Stough, 138 F.3d at 614. This factor is easily met here. On five occasions, when setting and re-setting Crawford's response deadlines, the magistrate judge advised Crawford of the general principle that a failure to respond could result in granting the relief sought by the other side, namely, dismissal of the case. See 5/23/2016 Order at 1 (Dkt. 15); 5/24/2016 Order at 1 (Dkt. 19); 6/20/2016 Order at 1 (Dkt. 24); 7/11/2016 Order at 1 (Dkt. 27); 8/31/2016 Order at 2 (Dkt. 33). The show cause order also advised Crawford that "[f]ailure to timely or adequately respond in writing . . . or timely file responses to the motions to dismiss will result in a recommendation that the motions be granted or that the entire matter be dismissed under Rule 41(b)." Show Cause Order at 2. It follows from this Court overruling Crawford's objection to the show cause order that her response to the order was not adequate. All told, Crawford was

warned, repeatedly, that a failure to file her responses to the motions to dismiss could result in dismissal.

Finally, less drastic sanctions were imposed, in the form of requiring Crawford to respond to a show cause order; and further less drastic sanctions were considered by this Court. In light of Crawford's recent accusations that the magistrate judge's orders are "evidence of corruption," see generally Pl. Mot. for Relief, however, it does not appear to this Court that less drastic sanctions will compel Crawford to prosecute her case according to court rules and court orders. See also 2/14/2017 Filing (asserting "continued reckless behavior of the Court that provided . . . fraudulent material"). Her unsupported insistence that the Court, the U.S. Marshals, and opposing counsel are colluding against her reflects a breakdown in trust and good faith between the litigant and the Court, and that trust and good faith must flow both ways. Dismissal of the case is the least drastic sanction that will accomplish the purpose of preventing a further waste of Defendants' and this Court's resources.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's objections to the January 11, 2017 show cause order (Dkt. 43) are overruled; Plaintiff's objections (Dkt. 52) to the magistrate judge's January 26, 2017 report and recommendation (Dkt. 46) are overruled, and the recommendation contained therein is accepted; Defendants' pending motions (Dkts. 14, 17, 21, 26, 61) are terminated as moot; Plaintiff's motion for extraordinary relief (Dkt. 55) is denied; and the action is dismissed with prejudice. A separate judgment will enter.

SO ORDERED.

Dated:  February 27, 2017           s/Mark A. Goldsmith
        Detroit, Michigan           MARK A. GOLDSMITH
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2017.

                                              s/Karri Sandusky
                                              Case Manager